**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
DAVID PADILLA,                :
                              : Civil Action No. 05-943 (RBK)
            Petitioner,       :
                              :
        v.                    :      **O P I N I O N**
                              :
WARDEN MINER,                 :
                              :
            Respondent.       :
_____:

**APPEARANCES:**

    David Padilla, Petitioner pro se
    # 36515-066
    F.C.I. Fairton
    P.O. Box 420
    Fairton, NJ 08320

**KUGLER**, District Judge

This matter is before the Court on Petitioner's "Motion to Vacate," pursuant to Local Civil Rule 7.1(g). Petitioner asks the Court to reconsider its March 22, 2005 Order, which dismissed his habeas corpus case for lack of jurisdiction. Having considered the motion pursuant to Fed. R. Civ. P. 78, the Court will deny the motion.

**BACKGROUND**

In 1997, Petitioner was convicted in the United States District Court, Eastern District of Pennsylvania to one count of conspiracy to distribute cocaine, one count of possession with intent to distribute cocaine, and carrying a firearm during a

drug trafficking crime.  He was sentenced on November 19, 1997 to concurrent life sentences on the conspiracy and possession counts, and a consecutive 60-month sentence on the firearm count.  Petitioner appealed his conviction, which was affirmed by the Court of Appeals for the Third Circuit.  Petitioner filed for relief under 28 U.S.C. § 2255, and appealed the denial of relief to the Court of Appeals for the Third Circuit.[1]

Petitioner then filed this habeas action under 28 U.S.C. § 2241, stating that he could not proceed under § 2255 because it has become inadequate and ineffective because of its "gatekeeping" provisions.  Petitioner alleged that his conviction was procured with false testimony, fraud, and concealment of evidence.  This Court dismissed his petition for lack of jurisdiction, finding that it was, in fact, more properly construed as a § 2255 motion.

In the instant motion, Petitioner asserts that he is not making a claim of actual innocence, but that § 2255's gatekeeping restrictions raise Due Process and Suspension Clause concerns since he was denied the right to a full round of habeas litigation.  (Motion, p. 4).

---

[1] For a more detailed background, see this Court's Opinion, dated March 22, 2005 (docket entry 4).

**DISCUSSION**

**A.    Standard of Review for Motion for Reargument/Reconsideration**

Local Civil Rule 7.1(g) states, in relevant part:

> A motion for reargument shall be served and filed within 10 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  There shall be served with the notice a brief setting forth concisely the matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked.

Likewise, Federal Rule of Civil Procedure 59(e) states:  "Any motion to alter or amend a judgment shall be filed not later than 10 days after entry of the judgment."[2]

Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted:  (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence), cert. denied, 476 U.S. 1171 (1986).  "To support reargument, a moving party must show that dispositive factual

---

[2]    In the instant case, Petitioner's motion for reconsideration was dated March 28, 2005, within the ten-day time limit.

matters or controlling decisions of law were overlooked by the court in reaching its prior decision." <u>Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Twp.</u>, 996 F. Supp. 409, 442 (D.N.J. 1998).  However, mere disagreement with the district court's decision is inappropriate on a motion for reargument, and should be raised through the appellate process. <u>See</u> <u>id.</u> (citing <u>Bermingham v. Sony Corp. of America, Inc.</u>, 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), <u>aff'd</u>, 37 F.3d 1485 (3d Cir. 1994); <u>G-69 v. Degnan</u>, 748 F. Supp. 274, 275 (D.N.J. 1990)). "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." <u>Assisted Living</u>, 996 F. Supp. at 442.  Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)." <u>Edward H. Bohlin, Co. v. Banning Co., Inc.</u>, 6 F.3d 350, 355 (5th Cir. 1993).

In this case, Petitioner's motion reveals that he disagrees with this Court's decision to dismiss his habeas corpus application.  There is no indication on the docket that Petitioner has appealed this Court's decision to the Court of Appeals for the Third Circuit.  Petitioner fails to present any new facts in support of his Motion, nor does he point to any intervening change in the law governing his habeas claims. Therefore, because nothing Petitioner presents in support of his

4

motion suggests that the Court has overlooked key evidence or has made a fundamental error in law, his motion for reconsideration will be denied.

### CONCLUSION

For the reasons set forth above, Petitioner's motion to reconsider the Court's Order of March 22, 2005 is hereby denied.

An appropriate Order accompanies this Opinion.


s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge


DATED: April 25, 2005